## S. T. GREEN, ET AL v. JOHN GREEN.

**Advancement.**

Where to relieve his son a father pays his debts of about $2,000, the son conveying to him forty-eight acres of land as indemnity, and the father agrees to convey the land to his son's wife and children upon receiving back his money, and if the same is not received during his lifetime that his heirs will so reconvey said land after his death if the son's interest in the father's estate shall amount to said sum, the money so given to the son is an advancement and the father can not recover the possession of the land, and it is held that the wife and son of the son can not recover the legal title of the land during the grantee's lifetime except upon the payment to him of the money advanced to pay the son's debt.

## APPEAL FROM MONTGOMERY CIRCUIT COURT.

September 13, 1883.

OPINION BY JUDGE PRYOR:

Samuel T. Green, a son of the appellee, John Green, being unable to meet the pecuniary demands against him, his father, in order to relieve him from his embarrassments, agreed to pay off his debts, and in order to indemnify himself for the advance made took from his son (the appellant) a deed for a tract of land containing about forty-eight acres, the father at or about the same time agreeing to reconvey the land to the wife and children of his son upon certain conditions. This written agreement, after it had been executed and delivered, found its way back to the possession of the father and the original action in this case was by the son and his wife to recover possession of that writing. The paper had been lost or mislaid, but during the progress of the action was found and filed with the petition. An action was also instituted by the father to stay waste and recover possession of the land by reason of the conveyance made by the son and wife to him. The chancellor gave to appellee the possession, of which the appellant and his wife complain.

A proper construction of the written agreement evidencing the terms upon which the conveyance was made must determine the rights of the parties. It is manifest that the prime object of the appellee was to secure to the wife and children of his son a home, and

to relieve the son from his indebtedness, and the conveyance to him of the land was to indemnify him in the payment of the $2,000 or whatever sum might be paid by him. There was no obligation on the part of the son to repay the money during the life of his father and no obligation to pay it, or any part of it, after his death, unless the son's interest in his father's estate was insufficient for that purpose. The money paid was in fact an advancement made by the father upon a valuable consideration, as well as the consideration of love and affection, and the conveyance made so that the son or his wife and children would be secured in a home and the son made to account for what he had been advanced at the death of his father.

The agreement recites that John Green, the father, has paid or assumed to pay for his son about $2,000, and in consideration therefor the land is conveyed to the father, describing it, and the son, Sam Green, "has the right and privilege of paying me the said $2,000, or so much thereof as he may desire and be able to pay from time to time, and if he pays me all, then I am to convey the said land to his wife, Elizabeth, for life, and in fee to the children of his and her body; but if he shall not pay me all or even any part of said $2,000 during my life then after my death such part as he may have paid me is to be added to his share or interest in my estate; and if the amount so paid and the value of his interest in my estate is equal to or exceeds the $2,000," then his heirs are to convey to the wife and children of his son the land. If the value of his interest in the father's estate shall not be as much as the $2,000, then to whatever extent it may be his heirs are to convey of the land, and if no part of the $2,000 is paid then the children of John are to convey to the son's wife and children "so much of the land as is equal in value to my estate." Upon these considerations the conveyance was executed, and we find no agreement on the part of the son to pay the money during the life of the father, nor any agreement to surrender the land or its possession.

The object of the writing was to place the property beyond the reach of subsequent creditors and thereby secure the land for the family, making the extent of their interest in the land depend upon the extent of the son's interest in his estate. It is an advancement and nothing more, to be accounted for as provided by the agreement at the death of the father. The son if he desires may repay the money in the life time of the father, but he is not obligated to

do so by any stipulation of the agreement; but on the contrary it is expressly provided that if not paid by the son, it is to be accounted for out of the estate of the donor. A lien was held on the land conveyed for the money advanced, and construing the two writings together, the conveyance and the agreement upon which the conveyance is based, the lien can not be enforced until the death of the appellee, nor is the appellee entitled to the possession, as the very purpose of the writing was to secure the possession to the son, his wife and children.

It is said, however, that the appellee has the possession and that the son has so sworn in some controversy with others in regard to the land. If so, it might well be asked, Why this proceeding to oust the appellants of possession and the writ of habeas facias called for? The son may have considered himself as the agent of the father, the latter being invested with the legal title, but this can not effect the construction of the writing, nor entitle the appellee to violate the terms of the agreement upon which the conveyance was executed. The appellants have paid some of this money, and so far as the record shows the report of the commissioner is correct. They have the privilege of paying it all, and if not exercised an account must be taken at the death of the appellee. Nor was interest properly chargeable on the advancement. Such was not the intention of the parties nor the spirit of the agreement.

The judgment is therefore *reversed* and cause remanded with directions to dismiss all the pleadings of the appellee seeking affirmative relief. This leaves the judgment requiring the writing to be delivered in full force and ends the controversy.

*Peters & Tyler, O. S. Tenney, for appellants.*
*Reid & Stone, for appellee.*